**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| IEH AUTO PARTS HOLDING LLC, *et al.*,[1] | ) ) ) | Case No. 23-90054 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION, (II) APPROVING THE FORM AND MANNER
OF THE NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 4:00 p.m. (prevailing Central Time) on February 1, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on February 1, 2023, at 4:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance"**

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: IEH Auto Parts Holding LLC (6529); AP Acquisition Company Clark LLC (4531); AP Acquisition Company Gordon LLC (5666); AP Acquisition Company Massachusetts LLC (7581); AP Acquisition Company Missouri LLC (7840); AP Acquisition Company New York LLC (7361); AP Acquisition Company North Carolina LLC (N/A); AP Acquisition Company Washington LLC (2773); Auto Plus Auto Sales LLC (6921); IEH AIM LLC (2233); IEH Auto Parts LLC (2066); IEH Auto Parts Puerto Rico, Inc. (4539); and IEH BA LLC (1428). The Debtors' service address is: 112 Townpark Drive NW, Suite 300, Kennesaw, GA 30144.

> link on Judge Lopez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the attached form (the "Order"), (a) authorizing the Debtors to redact certain personally identifiable information; (b) approving the form and manner of notifying creditors of the commencement of these chapter 11 cases; and (c) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

---

[2] On January 31, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the *Declaration of Michael Neyrey, Chief Executive Officer of IEH Auto Parts Holding LLC, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed concurrently with this Motion.

**Basis for Relief**

**I.        Redaction of Certain Confidential Information of Individuals Is Warranted.**

5.      Section 107(c) of the Bankruptcy Code provides that the Court, for cause, may protect any means of identification contained in any paper filed or to be filed in a case under the Bankruptcy Code. *See* 11 U.S.C. § 107(c)(1).  Bankruptcy Rule 9037(a) authorizes the redaction of personally identifiable information of minors.  *See* Fed. R. Bankr. P. 9037(a).  Other key jurisdictions also have privacy protection regulations. The United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "UK GDPR"), the European General Data Protection Regulation (the "EU GDPR"), and similar laws in other jurisdictions, impose significant constraints on the processing (which includes the transferring or disclosing of) information relating to identified or identifiable individuals (which includes names and home addresses of individuals and individual business contacts) ("Personal Data").  The UK GDPR and EU GDPR apply to the processing of Personal Data in the context of an establishment of a controller or processor in the United Kingdom, regardless of whether the processing takes place in the United Kingdom, or the European Economic Area, regardless of whether the processing takes place in the European Economic Area (and, in some circumstances, organizations established in other countries when processing Personal Data relating to individuals located in the United Kingdom or European Economic Area).  The UK GDPR and EU GDPR may apply to the Debtors, specifically, as certain of the Debtors may be processing data relating to their creditors, including vendors and insurers, in the context of an establishment in the United Kingdom or in a member state of the European Economic Area.  Thus, the Debtors' disclosure in an unredacted form risks breaching the UK GDPR and EU GDPR.[3]

---

[3]     Violations of the UK GDPR may result in fines of up to the higher of £17,500,000 or 4% of worldwide annual

6.  It is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the consolidated list of creditors (the "Creditor Matrix") and Schedules and Statements,[4] (a) the home addresses of individual creditors including the Debtors' employees, contract workers, and former employees, (b) all personally identifiable information of minors, and (c) and the names, addresses, and other Personal Data of any natural person to the extent they are processed subject to the UK GDPR or EU GDPR because, respectively, such information can be used to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking under 11 U.S.C. § 107(c)(1), exposing the Debtors to potential civil liability and significant financial penalties. The risk in relation to 11 U.S.C. § 107(c)(1) is not merely speculative. In at least one chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[5] This event suggests that disclosure of Personal Data would not comply with the UK GDPR and EU GDPR.

7.  The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed order to

---

turnover—i.e., total annual revenues—of the preceding financial year. *See* United Kingdom Data Protection Act 2018, section 157(5)(a) (as amended by Data Protection, Privacy and Electronic Communications (Amendments etc.) (EU Exit) Regulations 2019. Violations of the EU GDPR may result in fines up to the higher of €20,000,000 or 4% of worldwide annual turnover—i.e., total annual revenues—of the preceding financial year. *See* General Data Protection Regulation (EU) 2016/679, art. 83(5).

[4] As defined in the *Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, and (D) Statements of Financial Affairs, and (II) Granting Related Relief*, filed contemporaneously herewith.

[5] The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

(a) the Court, (b) the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), (c) counsel to any official committee appointed in these chapter 11 cases (if any), and (d) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the UK GDPR, EU GDPR or any other privacy or data protection law or regulation. Nothing herein precludes a party in interest's right to file a motion requesting that the Bankruptcy Court unseal the information redacted by the Order. In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

8.      Absent the relief requested herein, the Debtors (a) may be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their efforts to maximize the value of their estates, (b) would unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the safety of employees, contract workers, former employees, and other individual creditors or individual equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**II.     Service of Required Notices to Creditors.**

9.      Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

10. Through Kurtzman Carson Consultants LLC, the Debtors' proposed noticing, claims, and solicitation agent, the Debtors propose to serve the notice of commencement of these chapter 11 cases, substantially in the form attached as <u>Exhibit A</u> to the Order (the "<u>Notice of Commencement</u>"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the Notice of Commencement will not only avoid confusion among creditors, but will also prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Thus, service of the Notice of Commencement is warranted.

**Emergency Consideration**

11. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," and Bankruptcy Local Rule 9013-1(i). This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted immediately. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

**Notice**

12. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Prepetition Lender; (d) counsel to the proposed DIP Lender; (e) the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the

Debtors conduct business; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) the Environmental Protection Agency; (j) other governmental agencies having a regulatory or statutory interest in these cases; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
Dated:  January 31, 2023

/s/  *Veronica A. Polnick*
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Veronica A. Polnick (TX Bar No. 24079148)
Vienna Anaya  (TX Bar No. 24091225)
Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:    mcavenaugh@jw.com
                 vpolnick@jw.com
                 vanaya@jw.com
                 emeraia@jw.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/  *Veronica A. Polnick*
Veronica A. Polnick

**Certificate of Service**

I certify that, on January 31, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/  *Veronica A. Polnick*
Veronica A. Polnick