IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>IEH AUTO PARTS HOLDING LLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 23-90054 (CML)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: Docket Nos. 658, 667** |

# CORRECTED ORDER ESTABLISHING PROCEDURES FOR SALES OF CERTAIN MISCELLANEOUS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

The above-referenced debtors and debtors-in-possession (collectively, the "Debtors") filed their motion (the "Motion")[2] seeking authority to establish procedures for the sale of the Miscellaneous Assets free and clear of all liens, claims, interests and encumbrances. The Court has jurisdiction over the Motion and the relief requested in the Motion pursuant to 28 U.S.C. § 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N) and the Court may enter a final order on the Motion. The relief requested by the Motion is in the best interests of the Debtors, their estates, creditors, stakeholders, and other parties in interest and the Debtors gave sufficient and proper notice of the Motion and related hearings. Upon consideration of the Motion the Court finds that good and just cause exists to grant the requested relief.

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: IEH Auto Parts Holding LLC (6529); AP Acquisition Company Clark LLC (4531); AP Acquisition Company Gordon LLC (5666); AP Acquisition Company Massachusetts LLC (7581); AP Acquisition Company Missouri LLC (7840); AP Acquisition Company New York LLC (7361); AP Acquisition Company North Carolina LLC (N/A); AP Acquisition Company Washington LLC (2773); Auto Plus Auto Sales LLC (6921); IEH AIM LLC (2233); IEH Auto Parts LLC (2066); IEH Auto Parts Puerto Rico, Inc. (4539); and IEH BA LLC (1428). The Debtors' service address is: 112 Townpark Drive NW, Suite 300, Kennesaw, GA 30144.

[2] All terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized to sell Miscellaneous Assets (each, a "<u>Proposed Miscellaneous Asset Sale</u>") pursuant to the Miscellaneous Asset Sale Procedures attached hereto as **<u>Exhibit A</u>**.

2. Notice of any sale of the Miscellaneous Assets in accordance with the Miscellaneous Asset Sale Procedures shall be sufficient notice of the sale of such assets.

3. The form of Miscellaneous Asset Sale Notice attached hereto as **<u>Exhibit B</u>** is hereby approved. Service of the Miscellaneous Asset Sale Notice, as applicable, is sufficient notice of the use, sale, or transfer of the Miscellaneous Assets.

4. With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

5. **<u>Free and Clear</u>**. Except as expressly permitted or otherwise specifically provided by a Proposed Miscellaneous Asset Sale or this Order, all persons and entities (as defined in section 101(15) of the Bankruptcy Code), including, but not limited to, all lenders, debt security holders,

equity security holders, governmental, tax, and regulatory authorities, parties to executory contracts and unexpired leases, creditors holding liens, claims, encumbrances, or interests of any kind or nature whatsoever against or in the Debtors or any of the Miscellaneous Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) arising under or out of, in connection with, or in any way relating to, the Debtors, the Miscellaneous Assets, the operation of the Debtors' business prior to the closing of any Proposed Miscellaneous Asset Sale (the "Closing"), or the transfer of the Miscellaneous Assets to the buyer (the "Buyer"), and all other parties potentially impacted by the Transactions (including the Sale of the Miscellaneous Assets free and clear of any liens or claims) hereby are forever barred, estopped, and permanently enjoined from asserting any liens, claims, encumbrances, and/or interests of any kind or nature whatsoever of any kind or nature whatsoever, against the Buyer and its affiliates, successors, designees, assigns, or property, or the Miscellaneous Assets upon the Closing of any Proposed Miscellaneous Asset Sale.  On the Closing date, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be deemed by the Buyer to be necessary or desirable to release liens, claims, encumbrances, and/or interests on the Miscellaneous Assets, if any, as provided for herein, as such liens, claims, encumbrances, and/or interests may have been recorded or may otherwise exist.  This Order (a) shall be effective as a determination that, upon the Closing of any Proposed Miscellaneous Asset Sale, all liens, claims, encumbrances, and/or other interests of any kind or nature whatsoever existing as to the Miscellaneous Assets prior to the Closing of a Proposed Miscellaneous Asset Sale have been unconditionally released, discharged, and terminated and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title

agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, foreign, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to, the Miscellaneous Assets.

6. **Authorization of Assumption and Assignment.** The Debtors are hereby authorized to and shall, in accordance with sections 105(a) and 365 of the Bankruptcy Code, and upon payment of the applicable cure amounts (if any) by the Buyer under any Proposed Miscellaneous Asset Sale, (a) assume the executory contract or unexpired lease (the "Assumed Contracts and Assumed Leases"), (b) assign the Assumed Contracts and Assumed Leases to the Buyer, effective upon and subject to the occurrence of the Closing of the Proposed Miscellaneous Asset Sale, free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever except as set forth herein, which Assumed Contracts and Assumed Leases by operation of this Order, shall be deemed assumed and assigned effective as of the Closing, and (c) execute and deliver to the Buyer such documents or other instruments as may be necessary to assign and transfer the Assumed Contracts and Assumed Leases to the Buyers. The Buyers' assumptions on the terms set forth in the relevant purchase agreement (the "APA") under the Proposed Miscellaneous Asset Sale of the Assumed Contracts and Assumed Leases, is hereby approved, and all requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption and assignment of the Assumed Contracts and Assumed Leases by the Debtors to the Buyer have been satisfied. The Buyer shall assume the Debtors' obligations with respect to the Assumed Contracts and Assumed Leases including accrued but unbilled obligations with

respect to any year-end adjustments or year-end reconciliations in accordance with the terms of the Assumed Contracts and Assumed Leases. Any executory contracts or unexpired leases previously included on a Miscellaneous Asset Sale Notice but not included on a final APA schedule in accordance with the APAs shall not be deemed assumed and assigned to the Buyers under this Order.

7. The assignments of each of the Assumed Contracts and Assumed Leases are made in good faith under sections 363(b) and (m) of the Bankruptcy Code and shall be free and clear of all Claims and Liens pursuant to section 363(f) of the Bankruptcy Code.

8. Except as stated otherwise herein, to the maximum extent permitted by applicable law, the Buyer or its designated affiliate, as applicable, shall be authorized, as of the closing date (the "Closing Date") for any Proposed Miscellaneous Asset Sale, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "Licenses") of the Debtors with respect to the Miscellaneous Assets, and all Licenses required for ownership and/or operation of the Miscellaneous Assets are deemed to have been transferred to the Buyers as of the Closing Date. To the extent any Licenses cannot be transferred to the Buyers, in accordance with the previous sentence, such Licenses shall be in effect while the Buyer or its designated affiliate, as applicable, works promptly and diligently to apply for and secure all necessary government approvals for the transfer or issuance of new Licenses to the Buyers.

9. **Anti-Assignment Provisions Unenforceable.** Upon assignment to the Buyer, the Assumed Contracts and Assumed Leases shall remain in full force and effect for the benefit of the Buyer in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract and Assumed Lease (including those of the type described in sections 365(b)(2) and 365(f) of the Bankruptcy Code) that (a) prohibits, restricts, limits, or conditions (including

requiring consent of such non-Debtor parties to an Assumed Contract and Assumed Lease) such assignment or transfer, or (b) allows the non-Debtor party to such Assumed Contract or Assumed Lease to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract and Assumed Lease.  Each non-Debtor party to an Assumed Contract and Assumed Lease is hereby forever barred, estopped, and permanently enjoined from asserting any objection to the non-Debtor party's Assumed Contract or Assumed Lease including, without limitation, that its consent is necessary for such assumption and assignment.

10. **Substitution of Buyers.**  Upon assignment to the Buyers, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyers shall be fully and irrevocably vested in all right, title, and interest of the Debtors in each Assumed Contract and Assumed lease free and clear of liens, claims, encumbrances, and other interests of any kind or nature whatsoever.  The applicable Buyer is hereby substituted for all purposes solely related to the Miscellaneous Assets as a party to all Assumed Contracts and Assumed Leases in the place of the Debtors, and the applicable Buyer shall have any and all rights and benefits of the Debtors related to the Miscellaneous Assets under all such Assumed Contracts and Assumed Leases without interruption or termination of any kind, and all terms applicable to the Debtors solely related to the Miscellaneous Assets shall apply to the applicable Buyer as if such Assumed Contracts and Assumed Leases were amended to replace the Debtors with the applicable Buyer.

11. **Cure and Cure Dispute Resolution.**  All defaults or other obligations of the Debtors under the Assumed Contracts and Assumed Leases arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) as to which no objections were interposed and remain pending

as of the date of this Order are deemed satisfied by the payment of the proposed amount necessary, if any, to cure all monetary defaults, if any, under such Assumed Contract or Assumed Lease in those amounts set forth in the Miscellaneous Asset Sale Notice, which was served in compliance with this Order, and which were satisfied, or shall be satisfied as soon as practicable, as provided in the APAs.  For all Assumed Contracts and Assumed Leases for which a Miscellaneous Asset Sale Notice was served, the Buyers are authorized and directed to pay all Cure Amounts required to be paid by such parties in accordance with the APAs upon the later of (a) the Closing, (b) for any Assumed Contract or Assumed Lease for which an objection has been filed to the assumption and assignment of such agreement or the Cure Amounts relating thereto, including those filed to the Cure Amounts in accordance with the Bid Procedures Order at Docket No. 208, and such objection remains pending as of the date of this Order (a "Cure Dispute"), within ten (10) business days of the resolution of such objection by settlement or order of this Court, or (c) a designation deadline in accordance with the APAs.  Any non-Debtor counterparty to an Assumed Contract or Assumed Lease that has not filed an objection on or before the deadline as set forth in the relevant Miscellaneous Asset Sale Notice, or received an informal extension by the Debtors, shall thereafter be barred from objecting or asserting monetary or non-monetary defaults with respect to any such Assumed Contract or Assumed Lease other than the applicable amount set forth in the Miscellaneous Asset Sale Notice, and such Assumed Contract and Assumed Lease shall be deemed assumed by the Debtors and assigned to the applicable Buyer on the Closing Date.  To the extent that any Cure Dispute cannot be consensually resolved by the applicable parties, whether before or after the Closing Date, such Assumed Contracts or Assumed Leases shall be assumed and assigned only upon satisfactory resolution of the Cure Dispute, to be determined in the Buyers' reasonable discretion.  To the extent a Cure Dispute exists, the Assumed Contracts or Assumed

Leases may be conditionally assumed and assigned, subject to the consent of the Buyer, pending a resolution of the Cure Dispute by agreement of the parties or after notice and a hearing. If a Cure Dispute is not satisfactorily resolved, the Buyers may determine that such Assumed Contracts or Assumed Leases should not be included on their schedule of Assumed Contracts and Assumed Leases and should be rejected and not assigned, in which case the Buyer will not be responsible for any Cure Amounts to the contract counterparty.  The Debtors may then seek to reject the applicable contract or lease pursuant to Section 365 of the Bankruptcy Code.

12. **No Claims Against Buyer.**  Upon the Closing and payment of any Cure Amount, each non-Debtor party to an Assumed Contract or Assumed Lease shall be forever barred, estopped, and permanently enjoined from asserting against the Buyers, any of their affiliates, the Prepetition Lender and the DIP Lender (as defined in the Final DIP Order), or the property of any of them, any default, breach, claims of pecuniary losses arising from the Assumed Contract or Assumed Lease and existing as of the Closing or by reason of Closing, action, liability, or other cause of action existing as of the date of the assumption whether asserted or not, or, against the Buyers or any of their affiliates, any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtors except as provided for herein.

13. **Adequate Assurance.** The Buyers will provide adequate assurance of their future performance under the relevant Assumed Contracts and Assumed Leases within the meaning of sections 365(b)(l)(C) and 365(f)(2)(B) of the Bankruptcy Code (including to the extent, if any, modified by section 365(b)(3) of the Bankruptcy Code).  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the Debtors' assumption and assignment to the Buyers of the Assumed Contracts and Assumed Leases have been satisfied.

14. **Indemnification.**  Upon and as of the Closing, the Buyers shall be deemed to be substituted for the Debtors as a party to the applicable Assumed Contracts and Assumed Leases and, accordingly, the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assumed Contracts Assumed Leases; *provided, however*, nothing in this Order shall prevent any counterparty to an Assumed Contract or Assumed Lease from exercising any express right under any Assumed Contract or Assumed Lease to seek indemnification from the Debtors' applicable insurance policies for third-party claims asserted with respect to or arising from the Debtors' use and occupancy of a leased premises prior to the Closing Date for which the Debtors have a duty to indemnify such counterparty.

15. **Accrued but Unbilled.**  Subject to payment of the Cure Amounts, the Buyers shall have no liability arising or accruing under the Assumed Contracts and Assumed Leases prior to the Closing Date, except as otherwise expressly provided in this Order.  For the avoidance of doubt and notwithstanding anything to the contrary in this Order, the assumption and assignment of the Debtors' nonresidential real property leases shall not be free and clear of all go forward obligations arising and accruing under the terms of such leases and, after the effective date of the assumption and assignment of such leases the Buyers shall remain liable for and be responsible for: (i) amounts owed under the applicable lease that are accrued but not yet due and owing as of the Closing Date, regardless of when such obligations accrued, whether before, on or after the Closing Date, such as common area maintenance, insurance, taxes, and similar charges; (ii) any regular or periodic adjustment or reconciliation of charges under the applicable lease which are not due as of the Closing Date; and (iii) indemnification obligations that come due and owing or are to be performed on a post-Closing basis, if any, under the applicable lease.

16. Sales of the Miscellaneous Assets shall be deemed arm's length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

17. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

18. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

Signed: June 07, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

**Exhibit A**

**Miscellaneous Asset Sale Procedures**[3]

(i)  If the sale consideration from a particular purchaser of certain of the Miscellaneous Assets does not exceed $500,000, on a per-transaction basis, and if the sale is not to an insider (as defined in section 101(31) of the Bankruptcy Code), the Debtors may consummate the sale of the assets upon:

  a. providing written notice of the asset to be sold, the proposed purchase price, and the Buyer's name, via electronic mail or facsimile, to (i) the U.S. Trustee, (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the DIP Lender; (iv) counterparties of any assumed and assigned executory contracts or unexpired leases; and (v) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets being sold and their respective counsel, if known (collectively, the "Notice Parties").

  b. The Miscellaneous Asset Sale Notice will substantially include: (i) a description of the Miscellaneous Assets that are the subject of the Proposed Miscellaneous Asset Sale; (ii) the location of the Miscellaneous Assets; (iii) the economic terms of sale; (iv) the identity of any non-Debtor party to the Proposed Miscellaneous Asset Sale and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; (v) the identity of the party, if any, holding liens, claims, encumbrances or other interests in the Miscellaneous Assets; and (vi) a list of assumed executory contracts and unexpired leases, if applicable.

  c. The Notice Parties shall have three (3) business days (unless extended by agreement from the Debtors) from the date of service of the Miscellaneous Asset Sale Notice to inform the Debtors in writing with specific and particular bases that they object to the Proposed Miscellaneous Asset Sale by emailing SaleJw-AutoPlus@jw.com or by filing on the Court's docket.

  d. If no timely written objection is received from the Notice Parties, the Debtors are authorized to consummate the Proposed Miscellaneous Asset Sale, including executing any purchase agreements, bills of sale or other documents necessary to consummate the transaction. No additional Court approval is required.

  e. If a timely written objection is received from the Notice Parties, the Debtors shall comply with the procedures set forth in subparagraph (iii) below.

---

[3] Capitalized terms used but not defined herein have the meanings given to them in the *Debtors' Emergency Motion for an Order Establishing Procedures for Sales of Certain Miscellaneous Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, Interests and Encumbrances*.

(ii) If the sale consideration from a purchaser for the Miscellaneous Assets, on a per-transaction basis, exceeds $500,000 but is less than $2,000,000, or if the sale is to an insider (as defined in section 101(31) of the Bankruptcy Code),

    a. the Debtors will file with the Court a notice, substantially in the form attached as **Exhibit B** to the Miscellaneous Asset Sale Procedures Order, of such Proposed Miscellaneous Asset Sale (a "Miscellaneous Asset Sale Notice"); and

    b. serve such Miscellaneous Asset Sale Notice by email or CM/ECF, if available, on the Notice Parties and those parties, as of the date of such notice, who have filed in these Chapter 11 Cases a notice of appearance and request for service of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Rule 2002 Parties").

    c. The Miscellaneous Asset Sale Notice will substantially include: (i) a description of the Miscellaneous Assets that are the subject of the Proposed Miscellaneous Asset Sale; (ii) the location of the Miscellaneous Assets; (iii) the economic terms of sale; (iv) the identity of any non-Debtor party to the Proposed Miscellaneous Asset Sale and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; (v) the identity of the party, if any, holding liens, claims, encumbrances or other interests in the Miscellaneous Assets; and (vi) a list of assumed and assigned executory contracts and unexpired leases, if applicable.

    d. The Notice Parties and the Rule 2002 Parties shall have five (5) business days (unless extended by agreement from the Debtors) from the date of service of the Miscellaneous Asset Sale Notice to inform the Debtors in writing with specific and particular bases that they object to the Proposed Miscellaneous Asset Sale by emailing SaleJw-AutoPlus@jw.com or by filing on the Court's docket.

    e. If no written objection is received by the Objection Deadline, the Debtors are authorized to consummate the Proposed Miscellaneous Asset Sale, including executing any purchase agreements, bills of sale or other documents necessary to consummate the transaction. No further Court Order is required.

(iii) If a written objection to a Proposed Miscellaneous Asset Sale is timely received the Debtors will not proceed with the Proposed Miscellaneous Asset Sale unless: (a) the objection is withdrawn or otherwise resolved; or (b) the Court approves the Proposed Miscellaneous Asset Sale; *provided* that if the Debtors receive a timely written objection to the assumption and assignment of any executory contract or unexpired lease, including (x) adequate assurance of future performance or (y) the proposed assumption and assignment of any executory contract or unexpired lease, the Debtors may proceed with the Proposed Miscellaneous Asset Sale and the

executory contracts and unexpired leases may be conditionally assumed and assigned to the purchaser, subject to the consent of the purchaser, pending a resolution of the objection by agreement of the parties or after notice and a hearing. If an objection is not satisfactorily resolved, the purchaser may determine that such executory contracts and unexpired leases should not be assumed and assigned and should be rejected and not assigned, in which case the purchaser will not be responsible for any cure amounts to the contract counterparty. The Debtors may then seek to reject the applicable contract or lease pursuant to section 365 of the Bankruptcy Code. Any cure amount objection previously filed and pending as of the date of filing of the Miscellaneous Asset Sale Notice for such unexpired lease or executory contract shall serve as a timely received written objection to the Proposed Miscellaneous Asset Sale for such unexpired lease or executory contract under these procedures.

(iv) All Buyers will acquire the Miscellaneous Assets sold by the Debtors pursuant to these Miscellaneous Asset Sale Procedures on an "AS IS-WHERE IS" basis without any representations or warranties from the Debtors whatsoever, including without limitation as to the quality or fitness of such assets for either their intended or any other purposes; *provided*, *however*, that Buyers will take title to the Miscellaneous Assets free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests, if any, to attach to the proceeds of the sale of the Miscellaneous Assets, with the same validity, force, and effect which they had against such Miscellaneous Assets prior to the sale.

(v) Good faith purchasers of the Miscellaneous Assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

(vi) The absence of a timely objection to the sale of the Miscellaneous Assets in accordance with the Miscellaneous Asset Sale Procedures shall be "consent" to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

## Exhibit B

**Notice of Proposed Miscellaneous Asset Sale**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| IEH AUTO PARTS HOLDING LLC, *et al.*,[1] | ) ) ) | Case No. 23-90054 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

### NOTICE OF PROPOSED MISCELLANEOUS ASSET SALE

On [_], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered that certain *Order Establishing Procedures for Sales of Certain Miscellaneous Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, Interests and Encumbrances* [Docket No. ●] the ("Miscellaneous Asset Sale Procedures Order"),[2] whereby the Court authorized the above- captioned debtors and debtors in possession (collectively, the "Debtors") to sell certain Miscellaneous Assets in accordance with procedures provided for therein.

Pursuant to the terms of the Miscellaneous Asset Sale Procedures Order, the Debtors propose to sell (the "Proposed Miscellaneous Asset Sale") the Miscellaneous Assets as set forth on **Exhibit A** attached hereto. In accordance with the Miscellaneous Asset Sale Procedures Order, **Exhibit A** attached hereto provides: (i) a description of the Miscellaneous Assets that are the subject of the Proposed Miscellaneous Asset Sale; (ii) the location of the Miscellaneous Assets; (iii) the economic terms of sale; (iv) the identity of any non-Debtor party to the Proposed Miscellaneous Asset Sale and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; (v) the identity of the party, if any, holding liens, claims, encumbrances or other interests in the Miscellaneous Assets; and (vi) a list of assumed executory contracts and unexpired leases, if applicable.

Pursuant to the Miscellaneous Asset Sale Procedures Order, parties shall have until **[●]** (the "Objection Deadline") to advise the undersigned counsel to the Debtors in writing with specific and particular bases that they object to the Proposed Miscellaneous Asset Sale by emailing SaleJw-AutoPlus@jw.com or filing on the Court's docket within the time specified in the Miscellaneous Asset Sale Procedures. Any cure amount objection filed in connection with an

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: IEH Auto Parts Holding LLC (6529); AP Acquisition Company Clark LLC (4531); AP Acquisition Company Gordon LLC (5666); AP Acquisition Company Massachusetts LLC (7581); AP Acquisition Company Missouri LLC (7840); AP Acquisition Company New York LLC (7361); AP Acquisition Company North Carolina LLC (N/A); AP Acquisition Company Washington LLC (2773); Auto Plus Auto Sales LLC (6921); IEH AIM LLC (2233); IEH Auto Parts LLC (2066); IEH Auto Parts Puerto Rico, Inc. (4539); and IEH BA LLC (1428). The Debtors' service address is: 112 Townpark Drive NW, Suite 300, Kennesaw, GA 30144.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Miscellaneous Asset Sale Procedures Order.

unexpired lease or executory contract listed on **Exhibit A** that is pending as of the date of this Notice shall serve as a timely received written objection to this Notice.

**IF NO WRITTEN OBJECTION IS RECEIVED BY THE OBJECTION DEADLINE, THE ABSENCE OF A TIMELY OBJECTION TO THE PROPOSED MISCELLANEOUS ASSET SALE SHALL BE "CONSENT" TO SUCH SALE WITHIN THE MEANING OF SECTION 363(f)(2) OF THE BANKRUPTCY CODE, AND THE DEBTORS MAY CONSUMMATE THE PROPOSED MISCELLANEOUS ASSET SALE.**

If a written objection to the Proposed Miscellaneous Asset Sale is timely received by the Objection Deadline, the Debtors will not proceed with the Proposed Miscellaneous Asset Sale unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the Proposed Miscellaneous Asset Sale; *provided* that if the Debtors receive a timely written objection to the assumption and assignment of any executory contract or unexpired lease, including (x) adequate assurance of future performance or (y) the proposed assumption and assignment of any executory contract or unexpired lease, the Debtors may proceed with the Proposed Miscellaneous Asset Sale and the executory contracts and unexpired leases may be conditionally assumed and assigned to the purchaser, subject to the consent of the purchaser, pending a resolution of the objection by agreement of the parties or after notice and a hearing. If an objection is not satisfactorily resolved, the purchaser may determine that such executory contracts and unexpired leases should not be assumed and assigned and should be rejected and not assigned, in which case the purchaser will not be responsible for any cure amounts to the contract counterparty. The Debtors may then seek to reject the applicable contract or lease pursuant to section 365 of the Bankruptcy Code.

Houston, Texas
Dated:  ●, 2023

/s/ *Genevieve M. Graham*
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Veronica A. Polnick (TX Bar No. 24079148)
Genevieve M. Graham (TX Bar No. 24085340)
Vienna Anaya  (TX Bar No. 24091225)
Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200
Facsimile:      (713) 752-4221
Email:              mcavenaugh@jw.com
                        vpolnick@jw.com
                        vanaya@jw.com
                        emeraia@jw.com

*Counsel to the Debtors
and Debtors in Possession*

**Exhibit A to Miscellaneous Asset Sale Notice**