**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| IEH AUTO PARTS HOLDING LLC, *et al.*,[1] | ) | Case No. 23-90054 (CML) |
| Debtors. | ) | (Jointly Administered) |

**SUMMARY COVER SHEET TO FIRST AND FINAL FEE APPLICATION OF THE LAW OFFICE OF LIZ FREEMAN FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES AS CO-COUNSEL AND CONFLICTS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JANUARY 31, 2023 THROUGH JUNE 16, 2023**

| **Name of Applicant:** | Law Office of Liz Freeman | |
|---|---|---|
| Applicant's Role in Case: | Co-Counsel and Conflicts Counsel to Debtors and Debtors in Possession | |
| Docket No. of Employment Order(s): | Docket No. 320 | |
| Interim Application ( ) No. ___<br>Final Application (X) | First and Final | |
| | **Beginning Date** | **End Date** |
| Time period covered by this Application for which interim compensation has not previously been awarded: | 1/31/2023 | 6/16/2023 |

| |
|---|
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? **Yes** |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? **Yes** |
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? **Yes** |
| Do expense reimbursements represent actual and necessary expenses incurred? **Yes** |

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: IEH Auto Parts Holding LLC (6529); AP Acquisition Company Clark LLC (4531); AP Acquisition Company Gordon LLC (5666); AP acquisition Company Massachusetts LLC (7581); AP Acquisition Company Missouri LLC (7840); AP Acquisition Company New York LLC (7361); AP Acquisition Company North Carolina LLC (N/A); AP Acquisition Company Washington LLC (2773); Auto Plus Auto Sales LLC (6921); IEH AIM LLC (2233); IEH Auto Parts LLC (2066); IEH Auto Parts Puerto Rico, Inc. (4539); and IEH BA LLC (1428). The Debtors' service address is: 112 Townpark Drive NW, Suite 300, Kennesaw, GA 30144.

| Compensation Breakdown for Time Period Covered by this Application | |
|---|---|
| **Total professional fees requested in this Application:** | $255,150.00 |
| **Total professional hours covered by this Application:** | 340.2 |
| **Average hourly rate for professionals:** | $750.00 |
| **Total paraprofessional fees requested in this Application:** | N/A |
| **Total paraprofessional hours covered by this Application:** | N/A |
| **Average hourly rate for paraprofessionals:** | N/A |
| **Total fees requested in this Application:** | $247,200.00 |
| **Total expense reimbursements requested in this Application:** | $2,689.95 |
| **Total fees and expenses requested in this Application:** | $257,839.95 |
| **Total fees and expenses awarded in all prior Applications:** | N/A |
| **Plan Status:** On June 16, 2023, the Court entered its *Order Confirming the First Amended Combined Disclosure Statement and Joint Plan of Liquidation of IEH Auto Parts Holding LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 749]. The Effective Date of the Plan occurred on October 6, 2023 (the "Effective Date"). | |
| **Primary Benefits:** As co-counsel and conflicts counsel, the Applicant provided legal advice and services to the Debtors with respect to certain matters in which Jackson Walker LLP had a conflict, including, but not limited to, assisting the Debtors with intricate insurance and surety bond issues and utilities issues. Additionally, the Applicant assisted the Debtors and the Debtors' other professionals in navigating the auction process, negotiating DIP issues, and assisting in the Debtors' global resolution of major issues in these chapter 11 cases. | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| IEH AUTO PARTS HOLDING LLC, *et al.*,[1] | ) | Case No. 23-90054 (CML) |
| Debtors. | ) | (Jointly Administered) |

**FIRST AND FINAL FEE APPLICATION OF THE LAW OFFICE OF LIZ FREEMAN FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES AS CO-COUNSEL AND CONFLICTS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JANUARY 31, 2023 THROUGH JUNE 16, 2023**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested**.

The Law Office of Liz Freeman (the "Firm"), co-counsel and conflicts counsel to the above-captioned debtors (collectively, the "Debtors"), hereby submits its *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel and Conflicts Counsel to the Debtors for the Period January 31, 2023 Through June 16, 2023* (the "Application") for allowance of compensation for professional services provided in the total amount of $247,200 and reimbursement of actual and necessary expenses in the total amount of

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: IEH Auto Parts Holding LLC (6529); AP Acquisition Company Clark LLC (4531); AP Acquisition Company Gordon LLC (5666); AP acquisition Company Massachusetts LLC (7581); AP Acquisition Company Missouri LLC (7840); AP Acquisition Company New York LLC (7361); AP Acquisition Company North Carolina LLC (N/A); AP Acquisition Company Washington LLC (2773); Auto Plus Auto Sales LLC (6921); IEH AIM LLC (2233); IEH Auto Parts LLC (2066); IEH Auto Parts Puerto Rico, Inc. (4539); and IEH BA LLC (1428). The Debtors' service address is: 112 Townpark Drive NW, Suite 300, Kennesaw, GA 30144.

$2,689.95 that the Firm incurred for the period from January 31, 2023 through June 16, 2023 (the "Application Period"). In support of this Application, the Firm states as follows:

## I. JURISDICTION

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to entry of a final order.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is § 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Local Rule 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## II. RELIEF REQUESTED

4. The Firm requests that the Court allow on a final basis the Firm's compensation for professional services rendered during the Application Period in the total amount of $255,150.00 and reimbursement of actual and necessary expenses incurred by the Firm in the total amount of $2,689.95.

## III. PROCEDURAL BACKGROUND

5. On January 31, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Court ordered these cases to be jointly administered on February 1, 2023 [Docket No. 25].

6. A description of the background of the Debtors and the events leading up to the filing of the voluntary petitions by the Debtors is provided in the *Declaration Michael Neyrey in*

*Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 24] (the "First Day Declaration").

7. On February 14, 2023, the Office of the United States Trustee for Region 7 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 99].

8. On June 16, 2023, the Court entered an order [Docket No. 749] (the "Confirmation Order") confirming the *Third Amended Combined Disclosure Statement and Joint Plan of Liquidation of IEH Auto Parts Holding LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 738] (the "Plan").

## IV. THE DEBTORS' RETENTION OF THE LAW OFFICE OF LIZ FREEMAN

9. On March 2, 2023, the Debtors filed the *Application to Retain the Law Office of Liz Freeman, PLLC as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession* [Docket No. 183] (the "Retention Application").

10. On April 3, 2023, the Court entered its *Order Authorizing the Retention and Employment of The Law Office of Liz Freeman, PLLC, as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession* [Docket No. 320] ("Retention Order"). A copy of the Retention Order is attached as **Exhibit 1**.

11. The Firm performed the services for which it seeks compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

12. Except as set forth in the Retention Application regarding payments paid to the Firm prior to the petition date, the Firm has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

13. Pursuant to Bankruptcy Rule 2016(b), the Firm has not shared, nor has the Firm agreed to share (a) compensation it has received or may receive with any other party or person other than the partners, counsel, and associates of the Firm or (b) any compensation another person or party has received or may receive.

## V. COMPLIANCE WITH INTERIM COMPENSATION ORDER

### A. Fees Incurred During the Application Period.

14. On March 27, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "Interim Compensation Order") [Docket No. 264], setting forth the procedures for Court-approved professionals, including the Firm, to serve monthly fee statements (each, a "Monthly Fee Statement") on certain parties that include a detailed statement of services rendered and expenses incurred by each professional for that particular month.

15. The Firm did not file any Monthly Fee Statements during the Application Period: Detailed statements of services rendered and expenses incurred by the Firm for the following periods: (1) January 31 through February 28, 2023, (2) March 2023, (3) April 2023, (4) May 2023, and (5) June 1-16, 2023, are attached as **Exhibit 2-A**, **Exhibit 2-B**, **Exhibit 2-C**, **Exhibit 2-D**, and **Exhibit 2-E**, respectively (collectively, the "Invoices").

### B. Expenses Incurred During the Application Period.

16. Attached as **Exhibit 3** is a summary of expenses incurred during the Application Period. **Exhibit 3** details the total amount of reimbursement sought with respect to each category of expenses, all of which are included in the Invoice attached as **Exhibit 2-C**.

17. The rates and expenses charged by the Firm are reasonable based on the customary compensation charged by comparably skilled practitioners in other bankruptcy matters. The Firm only has one timekeeper that billed on these matters. That timekeeper's rate is $750/hour.

## VI. CASE SUMMARY

18. During the Application Period, the Firm assisted the Debtors with the prosecution of their bankruptcy cases in this Court. The Firm expended time and effort as co-counsel and conflicts counsel to the Debtors in these proceedings. The Firm provided legal advice and services regarding numerous issues in the Debtors' cases, including:

(a) filing for chapter 11 bankruptcy and successfully securing approval of certain "first day" motions where the Debtors' co-counsel had conflicts, and assisting the Debtors in smoothly transitioning operations into chapter 11;

(b) assisting the Debtors and the Debtors' other professionals in obtaining Court approval of DIP funding;

(c) assisting the Debtors and the Debtors' other professionals in conducting an auction and addressing issues related to multiple asset transactions resulting from that auction; and

(d) performing all other services assigned by the Debtors to the Firm as co-counsel to the Debtors.

19. Given these accomplishments in these chapter 11 cases and the complexities of the Debtors' businesses, the compensation and expense reimbursement sought herein for the Firm's necessary and beneficial professional services were necessary and appropriate, commensurate with the scale, nature, and complexity of these chapter 11 cases, and should be approved.

## VII. TERMS AND CONDITIONS OF EMPLOYMENT AND COMPENSATION

20. The terms and conditions of the Firm's employment and compensation to be paid to the Firm by the Debtors are specifically outlined in the Retention Application. Post-petition compensation is paid to the Firm from the Debtors' estates.

## VIII. PROFESSIONAL SERVICES PROVIDED BY THE FIRM TO THE DEBTORS

21. During the Application Period, the Firm provided extensive and important professional services to the Debtors in connection with these chapter 11 cases. The Firm provided legal advice and services on any matter that Jackson Walker LLP had a conflict in with respect to

the Debtors, if any, or as needed based on specialization. Only one timekeeper for the Firm billed on this matter and there were no rate increases during the period in which the Firm provided services to the Debtors.

22. The following is a summary, by matter category, of the significant professional services the Firm rendered during this Application Period. A summary chart of fees related to each matter category is attached as **Exhibit 4**.

(a) **B110 - Case Administration: Fees: $9,300.00; Hours: 12.4** These fees include time spent by the Firm providing services related to the filing of the Debtors' chapter 11 petitions and various "first day" pleadings, preparing for the "first day" hearing, including preparing potential witness in connection with certain first day motions, and attending and participating in the "first day" hearings. Additionally, the fees included in this category include services that the Firm provided regarding record retention and attending coordinating calls with the Debtors and the Debtors' other professionals.

(b) **B120 - Asset Analysis and Recovery: Fees: $3,600.00; Hours: 4.8**. These fees pertain to the Firm's assistance of the Debtors' investigation into potential claims that the Debtors may possess against AEP, AEP-related entities, and the Pep Boys.

(c) **B130 - Asset Disposition: Fees: $92,325.00; Hours: 123.1**. These fees pertain to time spent by the Firm for matters related to the Debtors' property interests. Specifically, the Firm spent time assisting the Debtors and the Debtors' other professionals with preparing for a sale of substantially all of the Debtors' assets, attending and participating in a two-day auction, assisting with the sale process resulting from the applicable auction, and addressing related issues resulting from those sales. Time in this category also includes the time spent by the Firm in

preparing for and attending mediation related to a global resolution with major stakeholders in these cases.

(d) **B150 – Meetings and Communications with Creditors: Fees: $29,925.00; Hours: 39.9.** The fees included in this category pertain to time spent by the Firm in corresponding and working with the Committee to obtain applicable data from the Debtors' related to the Committee's document requests. Additionally, fees included in this category pertain to time spent by the Firm addressing utility issues and insurance issues, as well as time spent corresponding with creditors regarding general case inquiries.

(e) **B160 - Fee/Employment Applications: Fees: $750.00; Hours: 1.0**. The fees included in this category pertain to time spent by the Firm in preparing its retention application.

(f) **B185 – Assumption and Rejection of Leases and Contracts: Fees: $3,000; Hours: 4.0**. The fees included in this category pertain to time spent by the Firm reviewing certain agreements and advising on assumption and/or rejection of those agreements, reviewing and revising assumption procedures related to the sale, and addressing related issues.

(g) **B210 – Business Operations: Fees: $3,450.00; Hours: 4.6**. These fees include issues and tasks arising from operating a business while in chapter 11, including the Firm's work related to bonds and insurance matters as well as general operational issues arising while in bankruptcy.

(h) **B230 – Financing and Cash Collateral: Fees: $15,375.00; Hours: 20.5**. These fees include time spent by the Firm on matters under section 364, including debtor-in-possession financing and cash collateral. The Firm assisted the Debtors and their professionals in

addressing Committee issues related to DIP financing matters and obtaining a resolution of DIP financing issues.

(i) **B310 – Claims Administration and Objections: Fees: $63,075.00; Hours: 84.1**. These fees pertain to time spent by the Firm addressing specific claim inquiries and claims issues related to insurance, surety bonds, and utilities. The Firm spent time advising the Debtors on how to address insurance and personal injury litigation issues as well as negotiating settlements with certain of the Debtors' utility providers. The fees also include time spent by the Firm regarding litigation strategy and stay issues.

(j) **B320 - Plan and Disclosure Statement: Fees: $33,750.00; Hours: 45.0**. These fees pertain to reviewing and commenting on the proposed chapter 11 plan and disclosure statement to align with local practice, analysis of confirmation issues, and attendance at and preparation for the hearing to confirm the Debtors' plan. Additionally, the fees include time spent resolving insurance issues related to the Plan and Confirmation Order, preparation for certain sale hearings, and reviewing and revising the 9019 motion that implemented a global settlement of major parties in these cases.

## IX. COMPENSATION REQUESTED

23. The Firm seeks approval of $255,150.00 in fees and $2,689.95 in expenses. **Exhibits 2-A through 2-E**, contain detailed time entries related to these fees and expenses. **Exhibit 3** is a chart detailing the summary of expenses for the Application Period, and **Exhibit 4** is a chart with a summary of compensation requested by project category.

24. The Application readily meets the standards of Bankruptcy Code § 330 and applicable case law for compensation for services rendered on behalf of the Debtors' estates and for the administration of these cases. The Fifth Circuit sets forth the contours of the requirements for allowance of compensation under § 330 in *Barron & Newburger, P.C. v. Tex. Skyline, Ltd.*,

*(In re Woerner)*, 783 F.3d 266 (5th Cir. 2015). In *Woerner*, the Fifth Circuit held that a court would allow compensation to an attorney for the debtor for services that are "reasonably likely to benefit" the estate, and that a court should adjudge the reasonableness of requested compensation "at the time at which the service was rendered." *Id*. at 273-74. All of the compensation requested in the Application meets the requirements of § 330 as delineated by the Fifth Circuit, and should be approved.

25. The Firm provided necessary and beneficial services to the Debtors through assisting the Debtors in myriad ways. The time the Firm spent on services rendered and the rates charged for such services were reasonable and necessary to fully protect the Debtors' estates consistent with the Firm's role as co-counsel and conflicts counsel, and to maximize the dividend to creditors, in line with the *Johnson*[2] factors adopted by the Fifth Circuit in *In re First Colonial Corp*., 544 F.2d 1291, 1299 (5th Cir. 1977), as follows:

**A. The Time and Labor Required.**

26. As further illustrated by the fee breakdown in the Summary Cover Sheet, the amount of time spent by the Firm's professionals and paraprofessionals on this case for the Application Period is 340.2 hours.

**B. The Novelty and Difficulty of the Questions Presented by the Case.**

27. This case has presented unique questions of fact and law relevant to both bankruptcy and applicable nonbankruptcy law, including a litigated and negotiated dispute between prepetition debtholder group, and various asset sale transactions.

[2] *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

**C. The Skill Requisite to Perform the Legal Services Properly.**

28. The Firm possesses the skill required to properly perform the legal services involved, in particular bankruptcy law expertise, as well as practice experience before this Court, and knowledge of its local rules.

**D. The Preclusion of Other Employment by the Attorneys due to Acceptance of the Case.**

29. The attorney at the Firm was necessarily precluded from employment on other cases by the size and exigency of this case. This case moved at an expedient pace requiring quick attention and open availability from the Firm's attorney.

**E. The Customary Fee for Similar Work in the Community.**

30. The fees charged by the Firm compare favorably with fees charged by other counsel in similar cases in this jurisdiction. The Firm sets its fees consistent with available market data for similarly sized and situated firms given the years of experience of each attorney.

**F. Whether the Fees are Fixed or Contingent.**

31. The Firm does not charge fixed or contingent fees.

**G. Time Pressures Imposed by the Client or Circumstances.**

32. The circumstances of the bankruptcy case imposed time pressures due to the need to take steps to help the Debtors' case progress at an expedient pace.

**H. The Amount Involved and Results Obtained as a Result of the Attorney Services.**

33. As a result of the Firm's services, strategy, and efficiency as co-counsel and conflicts counsel, the Debtors have completed their bankruptcy cases. During the Application Period the Debtors made a smooth transition into Chapter 11, negotiated a resolution of significant litigation with a key constituency, and obtained quick confirmation of the Debtors' plan of liquidation.

**I. The Experience, Reputation, and Ability of the Attorneys.**

34. The Firm, in conjunction with Jackson Walker LLP, represents years of combined experience in the particular area of bankruptcy law, including representation of chapter 11 debtors such as the Debtors in these cases. The Firm brings extensive experience in bankruptcy and retail industry issues to the Debtors' bankruptcy cases and ongoing operations and have substantial experience practicing in this Court and extensive familiarity with applicable Fifth Circuit bankruptcy law necessary for the successful prosecution of the Debtors' bankruptcy cases.

**J. The Undesirability of the Cases.**

35. Every debtor case carries some risks due to the uncertainty of payment stemming from the relatively unknown value of the debtors' principal assets and the debtor's ability to pay administrative fees and costs. These cases presented no additional undesirable elements.

**K. The Nature and Length of the Professional Relationship with the Client.**

36. The Firm's business relationship with the Debtors began on January 23, 2023, the date of the Engagement Letter between the Firm and the Debtors.

**L. Awards in Similar Cases.**

37. The fees requested are in line with fee awards approved in similar cases, by counsel with similar sophistication and experience.

38. In conclusion, the services provided by the Firm have been necessary to the administration of the Debtors' estates in the Application Period and beneficial at the time at which the services were rendered toward the successful prosecution of the Debtors' cases. Further, the Firm performed the services within a reasonable amount of time commensurate with the complexity, importance, nature of the problems, issues, and tasks addressed on behalf of the Debtors' estates. Finally, the compensation sought is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under title 11 of the district.

The Firm requests that the Court determine that the nature, extent, and value of these services were appropriate under the circumstances at the time the services were rendered.

## X. CONCLUSION

The Firm requests that this Court enter an order (a) granting final allowance and approval of compensation for professional services rendered during the Application Period in the amount of $255,150.00, and reimbursement of actual and necessary expenses incurred by the Law Office of Liz Freeman during the Application Period in the amount of $2,689.95, (b) authorizing the Debtors to pay the fees and expenses as requested, and (c) granting such other and further relief as is just and proper.

Dated: November 11, 2023.

/s/ *Elizabeth C. Freeman*
**LAW OFFICE OF LIZ FREEMAN**
Liz Freeman (TX Bar No. 24009222)
PO Box 61209
Houston, TX 77208-1209
Telephone: (832) 779-3580
Email: liz@lizfreemanlaw.com

*Co- Counsel and Conflicts Counsel to the Debtors and Debtors in Possession*